UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-25228

DEONIZA DUNWOODY,

    Plaintiff,

vs.

THOMAS MAINTENANCE SERVICES, INC.,
and MILES THOMAS,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW, the Plaintiff, Deoniza Dunwoody, sues Defendants, Thomas Maintenance Services, Inc., and Miles Thomas, based on the following good cause:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Deoniza Dunwoody**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was and is an hourly non-exempt employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203 (d) who consents to participate in this lawsuit.

2. **Defendant, Thomas Maintenance Services, Inc**., is a *sui juris* Florida for-profit corporation with its principal place of business and it conducts its for-profit business in Miami-Dade County.

3. **Defendant, Miles Thomas**, was and is the owner / officer/ director of

1

the Corporate Defendant for the relevant time period. He ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

5. All Defendants employed Plaintiff.

6. This Court has jurisdiction over Plaintiff's FLSA claims.

7. Venue is proper pursuant to 28 U.S.C. §1391 (b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

### *Background Facts*

8. Defendants have been at all times material engaged in interstate commerce in the course of the goods and services they render for which, traditionally, cannot be performed without using materials, supplies, and equipment that have all moved through interstate commerce.

9. Defendants also communicate with their workers by regularly and routinely using telephone, Internet, and/or facsimiles.

10. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

11. In particular, Defendants own and operate a landscape maintenance business that

services residential homes and commercial businesses, and uses tools, machinery, equipment, materials, and supplies that were previously placed in the stream of commerce from outside the State of Florida before being in this District to engage in interstate commerce.

12. Plaintiff worked in a non-exempt capacity for Defendants.

13. In particular, Plaintiff worked for Defendants as a Landscaper from approximately May 2018 through September 2019, which responsibilities included the cultivation and care of the landscaping and grounds surrounding a Defendants' customers' homes, businesses or buildings.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, and of the times he worked each day, such records are in the exclusive custody of Defendants.

15. From Approximately May 2018 through September 2019, Defendants required that Plaintiff perform work at the Defendants' job sites, along with preparing for the day's work to be performed at the Defendants' place of business.

16. From Approximately May 2018 through September 2019, Defendants required Plaintiff and the other employees to show up for work at 6:30am every morning and prepare for the work day, which usually started between 8:30am and 9:00am, and usually ended around 4:30pm and 5:00pm. This period of time between 6:30am to 8:30am is known as the "preparation/waiting time" where the employees were required to load trucks with the equipment, materials, tools and supplies that were to be used that day. Moreover, the employees were not permitted to leave the Defendants' job site during this period of time. However, on

many occasions, after preparing for the work day (ie., 6:30am to 8:30am/9:00am), Plaintiff was sent home without being compensated at least the federal minimum wage of $7.25 per hour for any of the hours worked within the work week as there were many weeks he wasn't compensated at all.

17. Moreover, from approximately May 2018 through November 2018, Defendants agreed to pay Plaintiff an hourly rate of $15.52 per hour for each hour worked, which equates to $23.28 per hour for every hour worked in excess of forty (40) hours per work week.

18. From approximately May 2018 through November 2018, Defendants failed to pay Plaintiff compensation for all of the preparation/waiting time, which equals to about ten (10) hours per week.

19. Therefore, from approximately May 2018 through November 2018, Plaintiff is owed for ten (10) hours of work per week at either the federal minimum wage rate of $7.25 per hour, or at his overtime rate of $23.28 per hour, if he worked in excess of forty (40) hours per work week.

20. Then, from approximately December 2018 through April 2019, Defendants agreed to pay Plaintiff a daily rate $100.00 per day within the work week, which when converted to an hourly rate comes out to $10.00 per hour as he worked an average fifty (50) or so hours per work week. Moreover, when converting Plaintiff's overtime rate it comes out to $15.00 per hour for every hour worked in excess of forty (40) hours per work week.

21. From approximately December 2018 through April 2019, Defendants failed to pay Plaintiff compensation for all of the preparation/waiting time, which equals to about ten (10) hours per week.

22. Therefore, from approximately December 2018 through April 2019, Plaintiff is owed for ten (10) hours of work per week at either the federal minimum wage rate of $7.25 per hour, or at his overtime rate of $23.28 per hour, if he worked in excess of forty (40) hours per work week.

23. Then, from approximately May 2019 through September 2019, Defendants agreed to pay Plaintiff an hourly rate of $16.40 per hour for each hour worked, which equates to $24.60 per hour for every hour worked in excess of forty (40) hours per work week.

24. Therefore, from approximately May 2019 through September 2019, Plaintiff is owed for ten (10) hours of work per week at either the federal minimum wage rate of $7.25 per hour, or at his overtime rate of $24.60 per hour, if he worked in excess of forty (40) hours per work week.

25. Lastly, from approximately May 2018 through September 2019, if Plaintiff worked past his normal end-day schedule (ie., 4:30/5:00pm) and surpassed forty (40) hours in each work week, Plaintiff was paid straight time (ie., his regular hourly rate) as opposed to the proper overtime rate of time and one half, which means he is owed the difference of his regular rate and his overtime rate.

26. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

27. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I – FLSA OVERTIME VIOLATION**

Plaintiff re-incorporates and re-alleges all preceding paragraphs 1-27 as though set forth fully herein and further alleges as follows:

28. Defendants willfully and intentionally refused to pay Plaintiff at least a time and one half rate for each of the overtime hours worked from approximately May 2018 through September 2019.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least a time and one half rate for the overtime hours worked from approximately May 2018 through September 2019, violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay him time and one half rate for all overtime hours worked from approximately May 2018 through September 2019, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff time and one half wage earned for the overtime hours worked from approximately May 2018 through September 2019.

WHEREFORE Plaintiff, Deoniza Dunwoody, demands the entry of a judgment in his favor and against the Defendants, Thomas Maintenance Services, Inc., and Miles Thomas, after trial by jury and as follows:

  a) That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216 (b);

  b) That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

  c) That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

  d) That the Defendants be Ordered to make Plaintiff whole by providing appropriate

Case 1:19-cv-25228-CMA   Document 1   Entered on FLSD Docket 12/20/2019   Page 7 of 8

overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e) That Plaintiff recover all interest allowed by law; and

f) Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA MINIMUM WAGE VIOLATION

Plaintiff re-incorporates and re-alleges all preceding paragraphs 1-27 as though set forth fully herein and further alleges as follows:

30. Defendants willfully and intentionally refused to pay Plaintiff at least the minimum wage rate of $7.25 per hour for many hours worked from approximately May 2018 through September 2019.

31. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least the minimum wage rate of $7.25 per hour for many hours worked from approximately May 2018 through September 2019, violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay him at least the minimum wage rate of $7.25 per hour for many hours worked from approximately May 2018 through September 2019, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff at least the minimum wage rate of $7.25 per hour for many hours worked from approximately May 2018 through September 2019.

WHEREFORE Plaintiff, Deoniza Dunwoody, demands the entry of a judgment in his favor and against the Defendants, Thomas Maintenance Services, Inc., and Miles Thomas, after trial by jury and as follows:

a) That Plaintiff recover compensatory minimum wage damages and an equal amount of

7

liquidated damages as provided under the law and in 29 U.S.C. §216 (b);

b) That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

c) That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d) That the Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e) That Plaintiff recover all interest allowed by law; and

f) Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 20th day of December, 2019.

                                              Respectfully submitted,

                                              **PEREGONZA LAW GROUP, PLLC**
                                              1414 NW 107th Ave, Suite 302
                                              Doral, FL 33172
                                              Tel.    (786) 650-0202
                                              Fax.   (786) 650-0200
                                              Email: office@peregonza.com
                                              *Attorneys for Plaintiff*

                                              By: */s/ Gadiel A. Espinoza, Esq.*
                                              Gadiel A. Espinoza, Esq.
                                              Florida Bar No. 121831
                                              gadiel@PereGonza.com